IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00528-NYW-CYC

JECHT REVAN,

Plaintiff,

v.

UNIVERSITY OF DENVER DEPARTMENT OF CAMPUS SAFETY,

Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION TO VACATE AND RESET THE SEPTEMBER 15, 2026 DISCOVERY DISPUTE HEARING**

---

Plaintiff Jecht Revan ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and D.C.COLO.LCivR 6.1 to vacate the discovery dispute hearing currently set for September 15, 2026, at 2:00 p.m., and to reset that hearing to a date convenient to the Court and the parties. This motion is unopposed. Good cause exists for the requested relief because undersigned counsel has an irreconcilable scheduling conflict with a California appellate oral argument ordered for the same date, as set forth below.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that on September 1, 2026. he conferred with counsel for Defendant regarding the relief requested in this motion, and that Defendant does not oppose the relief requested.

1. This is an action for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that during his employment with Defendant University of Denver Department of Campus Safety ("Defendant" or the "University"), he was subjected to unlawful discrimination, harassment, and retaliation based on protected characteristics. There remains an active discovery dispute.

2. On July 13, 2026, the University emailed Magistrate Judge Chung's chambers to request a discovery dispute hearing regarding Plaintiff's Rule 30(b)(6) deposition notice and the timeliness of the University's responses to Plaintiff's Requests for Admission. On July 21, 2026, Magistrate Judge Chung directed the parties to follow the procedures in

D.C.COLO.MJ VI.3, noting that "[a]fter the discovery issue is resolved, the Court will entertain a motion to modify the scheduling order if necessary." (ECF No. 62). Magistrate Judge Chung set the discovery dispute hearing for September 15, 2026, at 2:00 p.m. (ECF No. 61).

1. On August 10, 2026, Defendant filed its Motion to Extend the Dispositive Motions Deadline (ECF No. 63), requesting that the dispositive motions deadline be extended from August 11, 2026, until 45 days after the September 15, 2026 discovery dispute hearing, or alternatively that the deadline be reset at the September 15 hearing based on the Court's resolution of the discovery dispute. That motion remains pending. The outcome of the September 15 hearing thus bears directly on the dispositive motions timeline.

2. Undersigned counsel is counsel of record in *Williamson, et al. v. IE Storm Tech Leasing*, Cal. Ct. App. Case No. B349616, an appeal pending before the California Court of Appeal. That court has ordered oral argument in *Williamson* for September 15, 2026—the same date as this Court's discovery dispute hearing. The appellate setting was ordered by that court and is not subject to counsel's control. Undersigned counsel is the attorney with primary responsibility for the discovery matters at issue in this case, including the Rule 30(b)(6) negotiations that generated the dispute now set for hearing, and no other attorney can adequately substitute for him at the September 15 hearing. Counsel therefore cannot appear in both courts on the same date.

3. Good cause exists to vacate and reset the hearing. Federal Rule of Civil Procedure 16(b)(4) authorizes modification of pretrial deadlines and settings upon a showing of good cause. District courts possess "broad discretion in managing the pretrial schedule," *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011), and inherent authority to control their own dockets in the interest of efficiency and fairness. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An irreconcilable conflict between two court-ordered settings in different jurisdictions is a paradigmatic basis for resetting a hearing date, and both parties agree that the hearing should be rescheduled.

4. This motion is timely. The Court's February 19, 2025 Minute Order (ECF No. 4) provides that, absent exceptional circumstances, no request for rescheduling will be entertained unless made at least seven days before the date of the conference. This motion is filed on September 3, 2026—twelve days before the September 15, 2026 setting—comfortably satisfying the seven-day requirement.

5. No party will be prejudiced by the requested continuance. No trial date has been set in this case. This is Plaintiff's first request to continue this hearing. The motion is unopposed, and a brief continuance will not affect the merits or the parties' respective positions. The continuance will preserve—rather than disrupt—the orderly resolution of the pending discovery dispute.

6. Counsel for both parties are available on to meet with the Court to set a new time and date for the hearing.

7. Plaintiff respectfully requests that the Court select a reset date with its ruling on Defendant's pending Motion to Extend the Dispositive Motions Deadline (ECF No. 63) in mind, so that the continuance does not disturb the dispositive motions sequencing that both parties and the Court have contemplated.

8. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that he is contemporaneously serving a copy of this motion upon Plaintiff.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court:

(1) **VACATE** the discovery dispute hearing currently set for September 15, 2026, at 2:00 p.m.;

(2) **Set** a time for Parties to meet to reset the hearing date; and

(3) Grant such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED on this 3rd day of September, 2026.

**WHITCOMB LAW, PC**

/s/Joseph A. Whticomb
Joseph A. Whitcomb, Esq.
12438 W 84th Drive
Arvada, CO 80005
(303)573-5461 direct
(303)350-9183 cell
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on Thursday, September 3, 2026, a correct copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION TO VACATE AND RESET THE SEPTEMBER 15, 2026 DISCOVERY DISPUTE HEARING** was filed and served via CM/ECF to the following:

Michael Brent Case
M. Johnathan Koonce
Semple, Farrington, Everall & Case, P.C.
1120 Lincoln Street
The Chancery Building
Suite 1308
Denver, CO 80203
(303) 595-0941
Email: bcase@semplelaw.com
Email: jkoonce@semplelaw.com
*Attorneys for defendant*

By: /s/ Joseph A. Whitcomb